IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY D. SMITH,
      Petitioner,

vs.                                Case No. 3:09cv278/MCR/EMT

EDWIN G. BUSS,[1]
      Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 ("First Amended Petition") (Doc. 7). Respondent filed an answer and relevant portions of the state court record (Doc. 20). Petitioner filed a reply (Doc. 25). Petitioner then filed a motion to amend his First Amended Petition, with an attached proposed second amended petition ("Proposed Second Amended Petition") (Doc. 33). Respondent responded in opposition to Petitioner's motion to amend (Doc. 39).

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that Petitioner's proposed amendments to his petition should be denied as futile. Additionally, the pleadings and attachments before the court show that Petitioner is not entitled to relief on the claims asserted in his First Amended Petition (Doc. 7), the operative pleading in this case.

---

[1] Edwin G. Buss succeeded Walter A. McNeil as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 20, Exhibits).[2]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, with one count of attempted first degree premeditated murder with a weapon, one count of resisting an officer with violence, one count of depriving an officer of means of protection or communication, and one count of possessing or consuming an alcoholic beverage in an open container in a prohibited area (Ex. B).  Following a jury trial on October 3–5, 2005, Petitioner was convicted of aggravated battery upon a law enforcement officer (Count 1), resisting an officer with violence (Count 2), attempted depriving an officer of means of protection or communication (Count 3), and possessing or controlling an open container (Count 4) (Exs. D, E).  Petitioner was sentenced as a habitual felony offender to twenty (20) years of imprisonment, with pre-sentence jail credit of two (2) years, on Count 1, concurrent terms of ten (10) years of imprisonment on Counts 2 and 3, to run concurrently with his sentence on Count 1, and time served on Count 4 (Ex. F).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA") (Ex. H).  On October 23, 2006, the First DCA affirmed the judgment per curiam without written opinion, with the mandate issuing November 9, 2006 (Ex. K).  Smith v. State, 940 So. 2d 430 (Fla. 1st DCA 2006) (Table).  Petitioner did not seek further review.

On August 27, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. L).  In an order rendered June 10, 2008, the state circuit court ordered the motion stricken on the ground that Petitioner's claims were facially insufficient (Ex. M).  However, the court granted Petitioner leave to file an amended, facially sufficient motion within sixty (60) days (*id.*).  On July 27, 2008, within that sixty-day period, Petitioner filed an amended Rule 3.850 motion (Ex. N).  On August 29, 2008, the state circuit court summarily denied Petitioner's amended Rule 3.850 motion (Ex. O).  Petitioner appealed the decision to the First DCA (Ex. P).  On March 30, 2009, the First DCA affirmed per curiam without written

---

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (Doc. 20), unless otherwise indicated.

Case No.: 3:09cv278/MCR/EMT

opinion, with the mandate issuing April 27, 2009 (Ex. Q). <u>Smith v. State</u>, 6 So. 3d 60 (Fla. 1st DCA 2009) (Table).

On January 3, 2009, while Petitioner's appeal of his first Rule 3.850 motion was pending, Petitioner filed a second Rule 3.850 motion (Ex. R). The state circuit court dismissed the motion as untimely and successive (Ex. S). Petitioner appealed the decision to the First DCA (Ex. T). On June 12, 2009, the First DCA affirmed per curiam without written opinion, with the mandate issuing July 8, 2009 (Ex. U). <u>Smith v. State</u>, 11 So. 3d 360 (Fla. 1st DCA 2009) (Table).

Petitioner filed the instant habeas action on June 25, 2009 (Doc. 1 at 1). He filed his First Amended Petition on July 15, 2009, asserting the following two grounds for relief:

> <u>Ground one:</u> "The trial court lacked jurisdiction to enter judgement [sic] and impose sentence, in violation of the constitution and laws of the United States and of the State of Florida."
>
> <u>Ground two:</u> "Ineffective assistance of counsel; counsel rendered ineffectiveness of counsel for adopting a do nothing strategy, where counsel failed to file a[n] adequate and timely motion to dismiss the fatally defective information."

(Doc. 7). Respondent filed an answer on February 8, 2010 (Doc. 20). Petitioner filed a reply ("Reply") on March 16, 2010, in which he asserted two new grounds for relief:

> <u>Argument I:</u> "Trial counsel was ineffective for withholding discovery exhibits from Defendant's transcripts/files."
>
> <u>Argument II:</u> "Prosecutorial misconduct, where prosecutor created a Giglio violation by allowing 'key witness' [sic] known false testimony to be presented at trial, and him knowing testimony was false."

(Doc. 25).

On December 9, 2010, Petitioner filed a motion to amend his First Amended Petition and submitted his Proposed Second Amended Petition (Doc. 33). In the Proposed Second Amended Petition, Petitioner asserted the following new grounds:

> <u>Ground Three:</u> "Giglio violation, prosecutorial misconduct, prosecutor didn't correct witness perjured testimony."
>
> <u>Ground Four:</u> "Does the circuit court have subject matter jurisdiction when Petitioner is charged under an invalid law?"

<u>Ground Five: "Does the Florida Statutes [sic] meet the mandatory requirements of Florida Constitution?"</u>

(Doc. 33, attached Proposed Second Amended Petition).

## II.  PETITIONER'S ATTEMPTS TO ADD NEW CLAIMS

The undersigned will first address whether Petitioner may amend his First Amended Petition with the new claims asserted in his Reply and his Proposed Second Amended Petition. Respondent opposes amendment of the petition on three grounds. First, proposed Grounds Four and Five asserted in the Proposed Second Amended Petition are untimely and do not relate back to the claims asserted in Petitioner's First Amended Petition (which are the same claims asserted in Petitioner's original petition) (Doc. 39 at 2–10). Second, all three of the grounds in the Proposed Second Amended Petition are unexhausted and procedurally defaulted (*id.* at 11–17). Third, proposed Grounds Four and Five are not cognizable in federal habeas (*id.* at 17–18).

Under federal habeas law, an application for a writ of habeas corpus generally may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 11, Rules Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied when appropriate and "when not inconsistent with these rules"); <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007) (Federal Rules of Civil Procedure apply to habeas proceedings, to the extent that they are not inconsistent with the statutes that govern habeas proceedings). Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings in civil cases. Rule 15 provides, in relevant part:

**(a) Amendments Before Trial.**

**(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

. . . .

**(c) Relation Back of Amendments.**

**(1) When an Amendment Relates Back.**  An amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . .

Fed. R. Civ. P. 15(a), (c) (2009).

In this instance, a response to the petition had already been filed prior to Petitioner's Reply and his motion to amend (*see* Docs. 20, 25, 33).  Furthermore, Respondent does not consent to any amendments (*see* Doc. 39 at 1–2).  Therefore, Petitioner may amend his petition only with the court's leave.

In <u>Foman v. Davis</u>, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court set forth the standard for this court's grant or denial of a party's motion to amend:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10.  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182.  The Eleventh Circuit adheres to this standard in habeas cases.  *See* <u>Moore v. Balkcom</u>, 716 F.2d 1511, 1526–27 (11th Cir. 1983).  Finally, where the statute of limitations bars

a cause of action, amendment may be futile and, therefore, may be denied.  United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

The court must first determine whether the statute of limitations bars the claims that Petitioner seeks to add.  Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, or that he bases any of his claims on a right newly recognized by the Supreme Court; therefore, the undersigned need not evaluate whether § 2244(d)(1)(B) or (C) is the appropriate statutory trigger for the federal limitations period.  If § 2244(d)(1)(A) is the appropriate trigger, the court must determine the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review.  It is well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, which is the case here, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's

decision.[3] *See* <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 129 S. Ct. 681, 685–86, 172 L. Ed. 2d 475 (2009) (". . . direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to th[e] [Supreme] Court [of the United States], has been exhausted."); <u>Nix v. Secretary for the Dep't of Corrections</u>, 393 F.3d 1235, 1237 (11th Cir. 2004) (holding that a Florida prisoner's conviction became final 90 days after the Florida district court of appeal affirmed his conviction) (citing <u>Bond v. Moore</u>, 309 F.3d 770 (11th Cir. 2002)).   In the instant case, the First DCA issued its decision affirming Petitioner's conviction on October 23, 2006 (Doc. 20, Ex. K).   <u>Smith v. State</u>, 940 So. 2d 430 (Fla. 1st DCA 2006) (Table).   Petitioner did not seek certiorari review (*see* Doc. 7 at 2); therefore, his conviction became final, for purposes of § 2244(d)(1)(A), on January 22, 2007, upon expiration of the 90-day period for seeking certiorari review.   The federal limitations thus commenced on that date, unless Petitioner shows that the facts supporting his new claims could not have been discovered through the exercise of due diligence until a later date, thus invoking § 2244(d)(1)(D).

The first new claim asserted in Petitioner's Reply is that he received ineffective assistance of counsel based upon counsel's failure to present "discovery exhibits," specifically, a History and Physical Examination and Discharge Summary prepared by Dr. George C. Rees, and a Consultation Report prepared by Dr. Michael Riesburg, both of whom examined the victim, Officer Shawn Thompson, after his physical altercation with Petitioner (Doc. 25 at 3–4, Exs. A, B).[4]   Petitioner contends these documents would have impeached Officer Thompson's testimony that he lost consciousness during the altercation with Petitioner (this altercation was the basis for Petitioner's conviction of aggravated battery on a law enforcement officer and resisting an officer with violence), because Dr. Rees's History and Physical Examination report states, "There was a question of a loss of consciousness"; and Dr. Riesburg's report states, "Apparently there was no loss of consciousness during the event." (*id.* at 3).   Petitioner asserts he did not become aware of these statements until October 23, 2009, when he received copies of the reports from defense counsel after he filed a

---

[3] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* Sup. Ct. R. 13.3.

[4] The page references used in this Order and Report and Recommendation reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Florida Bar complaint against counsel (*id.*).  The second new claim asserted in Petitioner's Reply (and also as Ground Three in his Proposed Second Amended Petition) is that the prosecutor knowingly allowed Officer Thompson to testify at trial that he lost consciousness during the altercation with Petitioner, which was false in light of the statements of Drs. Rees and Riesburg in their reports (Doc. 25 at 4–5; Doc. 33, attached Proposed Second Amended Petition at 6).

Petitioner's assertion that he did not obtain the medical reports until he filed the Bar complaint against defense counsel does not demonstrate that he could not have obtained them prior to October 23, 2009, had he made diligent efforts to do so.  The record demonstrates that the reports of Drs. Rees and Riesburg were admitted as evidence at Petitioner's trial on October 3–5, 2005, through the testimony of Dr. Rees (Ex. E at 391–94).  Petitioner does not allege, nor has he shown, that he made any effort, much less a diligent one, to obtain copies of the medical reports from the court file or his counsel prior to October 23, 2009.  *See* In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997) (due diligence means the petitioner must show some good reason why he was unable to discover the facts at an earlier date; merely alleging that he did not actually know the facts underlying his claim does not pass the test; instead, the inquiry focuses on whether a reasonable investigation would have uncovered the facts).  Therefore, Petitioner has failed to show that the factual basis for these new claims was not available prior to January 22, 2007, the date his conviction became final.

Likewise, Petitioner asserts nothing to suggest he could not have discovered the basis for proposed Grounds Four and Five (relating to the validity of the criminal statutes under which he was charged) prior to the date of finality of his conviction.  Therefore, the undersigned concludes that the federal limitations period commenced on January 22, 2007, the date his conviction became final, pursuant to § 2244(d)(1)(A).

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, two hundred seventeen (217) days elapsed from January 22, 2007, the date Petitioner's conviction became final, to August 27, 2007, the date Petitioner filed his first Rule 3.850 motion (Ex. L). The limitations period was tolled until June 10, 2008, the date the state circuit court rendered its decision striking Petitioner's Rule 3.850 motion and permitting him to file an amended motion (Ex. M). The limitations period then ran for forty-six (46) days until July 27, 2008, when Petitioner filed an amended Rule 3.850 motion (Ex. N). This post-conviction application tolled the limitations period until April 27, 2009, upon issuance of the mandate of the First DCA affirming the trial court's decision (Ex. Q). While this post-conviction motion was pending, Petitioner filed his second Rule 3.850 motion (Ex. S); however, that motion did not qualify as a tolling motion for purposes of § 2244(d)(2) because it was dismissed as untimely (Ex. U). *See* Pace v. DiGuglielmo, 544 U.S. 408, 413–17, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (state post-conviction motion denied as untimely by state court under state law is not properly filed within meaning of § 2244(d)(2)). The limitations period then ran for fifty-eight (58) days until Petitioner filed his original federal habeas petition, on June 25, 2009 (*see* Doc. 1 at 1). Although the limitations clock stopped running on that date for the claims raised in the original petition and Petitioner's First Amended Petition (which were the same claims), the filing of the federal petition did not toll the limitations period for the new claims raised in Petitioner's Reply and the Proposed Second Amended Petition. *See* Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120 150 L. Ed. 2d 251 (2001) (application for federal habeas corpus review does not toll the one-year limitation period under section 2244(d)(2)). Indeed, the limitations period kept running from April 27, 2009, and expired on August 8, 2009, one hundred two (102) days later (217 days + 46 days + 102 days = 365 days). Petitioner's Reply was filed on March 16, 2010 (*see* Doc. 25 at 1) and his Proposed Second Amended Petition was filed on December 9, 2010 (*see* Doc. 33 at 1), so both of these documents were filed well after the federal limitations period expired.

As previously noted, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the proposed new claims would be considered timely if they "relate back" to Petitioner original claims.[5]

---

[5] Claims made in a federal habeas petition are functionally no different than claims made in other civil litigation. Rule 2(c) of the Rules Governing § 2254 Cases requires that a § 2254 petition specify all the grounds for relief available to the petitioner and state the facts supporting each of the grounds specified. Thus, the initial petition must set forth all

*See* Fed. R. Civ. P. 15(c). Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment of a pleading relates back to the date of the original pleading when the claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. . . ." However, to relate back, the transaction or occurrence must be "tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). In Felix, Felix argued that his proposed amended claim, that pre-trial statements he made to police were coerced in violation of his Fifth Amendment rights, related back to a claim asserted in his original petition, that the trial court erroneously admitted videotaped statements of his friend, Mr. Kenneth Williams, during a "jailhouse interview." 545 U.S. at 650–51. The Supreme Court approved the standard applied by several circuit courts, including the Eleventh Circuit, that relation back is allowable only "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[6] *See id.* at 653–54, 657. The Court articulated the test for whether an amended petition relates back as whether the original and amended claims "are tied to a common core of operative facts." *Id.* at 664. In applying this test, the Court held that Felix's original and proposed amended claims "targeted separate episodes," the pre-trial police interrogation of witness Williams and the petitioner's own interrogation at a different time and place. *Id.* at 660. Therefore, the claims did not relate back for purposes of Rule 15(c).

In the instant case, Petitioner's original claims are (1) the trial court lacked jurisdiction to convict and sentence him because the charging document was defective in that the allegations included therein were not based upon sworn testimony from the only material witness, Officer Thompson, and (2) defense counsel performed ineffectively by failing to investigate and determine

---

available grounds, and each ground must be supported by a summary of facts. The summary of facts provides a basis to determine whether the proposed amended claim arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original motion. Fed. R. Civ. P. 15(c)(2). If it does, and if the initial petition was timely, the amendment containing the new claim will also be timely because it relates back to the original petition.

[6] The Supreme Court cited the following cases with approval: United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999); United States v. Pittman, 209 F.3d 314, 317–18 (4th Cir. 2000); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999); United States v. Espinoza-Saenz, 235 F.3d 501, 503–05 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1344–46 (11th Cir. 2000); and United States v. Hicks, 283 F.3d 380, 388–89 (D.C. Cir. 2002). Felix, 545 U.S. at 653–54.

whether the allegations in the charging document were based upon sworn testimony and by failing to move for dismissal of the charging document on that ground (*see* Doc. 1 at 5–6; Doc. 7 at 5–6).[7] The new grounds asserted in Petitioner's Reply and his Proposed Second Amended Petition are (1) ineffective assistance of trial counsel based upon counsel's failure to present medical evidence that Officer Thompson did not lose consciousness during the altercation, (2) prosecutorial misconduct based upon the prosecutor's knowingly allowing Officer Thompson to falsely testify that he lost consciousness, (3) the trial court lacked jurisdiction to convict and sentence Petitioner because the statutes under which he was charged and convicted were not actually laws, only "statement of general law," and (4) the statutes under which he was charged and convicted were invalid because they lacked an enacting clause (*see* Doc. 25 at 3–5; Doc. 33, attached Proposed Second Amended Petition at 6–8).

The core of operative facts underlying Petitioner's proposed new claims regarding Officer Thompson's trial testimony (including defense counsel's failure to present medical evidence showing that Thompson did not lose consciousness, and the prosecutor's knowingly presenting Thompson's allegedly false testimony) has no commonality with the operative facts underlying Petitioner's original claims (that the charging document was defective because its allegations were not based upon sworn testimony of a material witness, and defense counsel failed to discover this defect and seek dismissal of the charges). The original claims relate to pre-trial events and the sufficiency of the allegations in the charging document; whereas the proposed amended claims relate to events during trial. *See* United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (proposed amended claim that defense counsel failed to file appeal did not relate back to original claims that attorney coerced him into proceeding to trial in face of overwhelming evidence, and counsel erred at sentencing, because failing to file appeal is separate occurrence in both time and type from conduct that occurred at sentencing phase and before trial); *see also, e.g.,* Espinosa v. United States, 330 Fed. Appx. 889, 892, 2009 WL 1741562, at *2 (11th Cir. 2009) (unpublished) (newly raised

_____

[7] The crux of Petitioner's claims appears to be that the factual allegations in the charging document were based upon hearsay. The sworn statement of probable cause, upon which the factual allegations in the charging document presumably were based, was made by Detective Daniel Harnett (*see* Exs. A, B), who apparently was not a material witness to the altercation between Petitioner and Officer Thompson and obtained his facts from other officers, including Officer Thompson.

claims of ineffective assistance of counsel based upon pre-trial conduct did not relate back to original claims of ineffective assistance of counsel based upon counsel's performance during specific moments of trial and sentencing proceedings).[8]

Likewise, Petitioner's new claims challenging the legal validity of the criminal statutes under which he was convicted are factually unrelated to his original claims concerning the absence of sworn testimony by a material witness to support the allegations in the charging document. *Compare* Pinchon v. Myers, 615 F.3d 631, 643 (6th Cir. 2010) (ineffective assistance of counsel claims in amended habeas petition did not relate back to original, timely-filed petition and, thus, were barred by AEDPA's one-year statute of limitations; claims in original petition related to sufficiency of evidence at murder trial and to jury instruction regarding petitioner's sentence, and these claims did not share common core of operative facts with proposed amended ineffective assistance of counsel claims, which involved petitioner's transfer hearing in juvenile court and his trial attorney's failure to present certain evidence about petitioner's mental retardation, the victim, and an alleged perpetrator), *and* Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008) (affirming district court's denial of motion to amend habeas petition because proposed new claim regarding jury instruction did not arise from same core of facts as claims asserted in original petition, which challenged admission of testimony from prior victim), *and* United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (claims relating to attorney's failure to cross examine two witnesses and those relating to attorney's failure to object to evidence were "not similar enough to satisfy the 'time and type test'" espoused in Felix), *and* United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (claim of ineffective assistance arising from defense counsel's failure to adequately explain appellate waiver in plea agreement did not relate back to original claim that trial court failed to inform defendant, during plea colloquy, that he was waiving the right to appeal, or original claim that defense counsel failed to investigate evidence of government's involvement in illegal gambling enterprise), *and* Williams v. United States, 383 Fed. Appx. 927, 929, 2010 WL 2500359, at *1 (11th Cir. 2010) (unpublished) (original claim that counsel was ineffective in negotiating with government

---

[8] The undersigned cites Espinosa only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

for substantial assistance recommendation at sentencing, and proposed amended claim that defendant did not have proper notice during plea negotiations of government's intent to seek sentence enhancement and of possible statutory penalty, were not tied to common nucleus of operative facts),[9] *and* United States v. Madrid, No. 1:94cr1009/MMP/AK, 1:05cv43/MMP/AK, 2008 WL 718792, at *1 (N.D. Fla. Mar. 11, 2008) (unpublished) (claims that defense counsel operated under undisclosed conflict of interest and failed to object to jury instruction regarding statute of limitations did not share common core of operative facts with Madrid's original claims that counsel failed to sufficiently object to admission of certain evidence at trial, and that Madrid was sentenced based upon a fact not found by the jury), *with* Mandacina v. United States, 328 F.3d 995, 1000–01 (8th Cir. 2003) (new claim that government failed to disclose particular report related back to original claims alleging violations of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), because both claims related to evidence obtained at the same time by the same police department), *cited with approval in* Felix, 545 U.S. at 664 n.7), *and* Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (upholding relation back where original petition challenged trial court's admission of recanted statements, and amended petition challenged court's refusal to allow defendant to show that same statements had been recanted), *cited with approval* in Felix, 545 U.S. at 664 n.7).

In light of the court's conclusion that none of Petitioner's proposed amended claims relates back to the original claims, and since the one-year federal limitations period had already expired by the time Petitioner raised the proposed new claims in his Reply and Proposed Second Amended Petition, the undersigned concludes that the new claims are time-barred.  Therefore, permitting amendment would be futile.

The court will therefore consider only the claims asserted in Petitioner's First Amended Petition (Doc. 7).

III.    EXHAUSTION AND DEFAULT

---

[9] The undersigned cites Williams only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[10] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," id., 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the

---

[10] Section 2254 provides, in pertinent part:

(b)(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
          (A)  the applicant has exhausted the remedies available in the courts of the State; or
          (B) (i)  there is an absence of available State corrective process; or
               (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  Anderson, 459 U.S. at 7 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim.  Id., 459 U.S. at 7 and n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  Id.

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364.  The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[11]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  Duncan, 513 U.S. at 365–66.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by

---

[11] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.  513 U.S. at 366.

citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[12]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation""requirement. After Duncan, however, the Eleventh Circuit has taken a more narrow approach. For example, in Zeigler v. Crosby, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's

---

[12] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

"[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review.  *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question.  *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question.  Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly unfair manner.  Ford v. Georgia, 498 U.S. 411, 424-25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and

expressly state it is relying on state procedural rules to resolve the federal claim.[13] Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

IV.    PETITIONER'S CLAIMS

Ground one: "The trial court lacked jurisdiction to enter judgement [sic] and impose sentence, in violation of the constitution and laws of the United States and of the State of Florida."

---

[13] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

<u>Ground two:</u> "Ineffective assistance of counsel; counsel rendered ineffectiveness of counsel for adopting a do nothing strategy, where counsel failed to file a[n] adequate and timely motion to dismiss the fatally defective information."

Petitioner contends the state circuit court lacked jurisdiction to convict and sentence him because the charging document was fatally defective in that the factual allegations included therein were not based upon sworn testimony of a material witness (Doc. 7 at 5). He additionally contends defense counsel performed ineffectively by failing to investigate this alleged defect in the charging document and move for its dismissal on that basis (*id.*).

Respondent contends federal review of both claims is procedurally barred because the state court denied the claims based upon an independent, adequate, and regularly followed state procedural rule (Doc. 20 at 8–19). Respondent further contends Petitioner failed to show cause for his failure to timely raise the claims in the state court; therefore, he is not entitled to federal review of his claims (*id.*).

The record demonstrates that Petitioner raised both of these claims in his second Rule 3.850 motion (Ex. R). The state circuit court dismissed the Rule 3.850 motion on the grounds that it was untimely and successive (Ex. S). The state court determined that under Florida law, Petitioner's judgment and sentence were final on November 13, 2006, when the First DCA issued the mandate affirming the judgment (*id.*). The court further determined that pursuant to Rule 3.850(b), Petitioner had two (2) years from that date, or until November 13, 2008, to file his Rule 3.850 motion (*id.*). The court found that Petitioner's motion was filed January 8, 2009, which was after the two-year deadline passed; therefore, the motion was untimely (*id.*). That decision was affirmed by the First DCA. While the affirmance was a per curiam opinion without reasoning, this court presumes that the First DCA's decision affirms the reasoning, as well as the judgment of the lower court. "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'" <u>Sweet v. Sec'y Dept. of Corrs.</u>, 467 F.3d 1311, 1316–17 (11th Cir. 2006) (quoting <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594, 115 L. Ed. 2d 706 (1991)); *see also* <u>Harmon v. Barton</u>, 894 F.2d 1268, 1273 (11th Cir. 1990) (noting that the "clear inference" to be drawn from a per curiam

affirmance without written opinion is that the appellate court "accepted not only the judgment but the reasoning of the trial court.").

Initially, the state court clearly and expressly stated it was relying on state procedural rules to resolve Petitioner's claims, as evidenced in the state circuit court's written decision. Additionally, the state court's decision on the procedural issues rested entirely on state law grounds and was not intertwined with an interpretation of federal law.

Moreover, the state procedural rule regarding the timeliness of Petitioner's motion was adequate in that it was firmly established and regularly followed. Rule 3.850(b) of the Florida Rules of Criminal Procedure provides that a motion to vacate a sentence that exceeds the limits provided by law may be filed at any time; however, no other motion shall be filed or considered pursuant to Rule 3.850 if filed more than two (2) years after the judgment and sentence become final in a noncapital case. Fla. R. Crim. P. 3.850(b). Florida courts consistently follow the rule that the two-year time period provided in Rule 3.850(b) begins to run when appellate proceedings have concluded and the court issues a mandate. *See* Knowles v. State, 41 So. 3d 332, 333 (Fla. 1st DCA 2010); Lawson v. State, 35 So. 3d 112 (Fla. 2d DCA 2010); Ghent v. State, 27 So. 2d 121, 123 (Fla. 4th DCA 2010); Mullins v. State, 974 So. 2d 1135, 1137 (Fla. 3d DCA 2008). Florida courts recognize, however, that the two-year period may be tolled while a petition for certiorari is pending with the Florida Supreme Court. *See* Mullins, 974 So. 2d at 1137–38.

In the instant case, the claims asserted by Petitioner in his second Rule 3.850 motion and in the instant federal proceeding did not challenge his sentence on the ground that it exceeded the statutory limit; rather, he challenged the sufficiency of the charging document and defense counsel's failure to investigate and challenge its sufficiency. Therefore, the two-year limitation period set forth in Rule 3.850(b) applied. Furthermore, Petitioner admits, and the record demonstrates, that he did not seek certiorari review of his conviction by the Florida Supreme Court or the United States Supreme Court. Therefore, according to state law, his conviction became final for purposes of Rule 3.850(b) on November 9, 2006, upon issuance of the First DCA's mandate affirming the judgment and sentence (Ex. K). Petitioner had two (2) years from that date (until November 9, 2008) to present his claims in a Rule 3.850 motion. However, Petitioner did not do so and instead waited

until January 3, 2009, to file his motion (Ex. R).[14]  Since his motion was filed beyond the two-year deadline, Rule 3.850(b) provided an adequate procedural basis for dismissal of his motion.[15]  Since the state court rejected Petitioner's claims on the independent and adequate state ground of procedural bar, this court considers the claims procedurally defaulted.  *See* <u>Coleman</u>, 501 U.S. at 734–35 and n.1.

Petitioner has not shown cause for his failure to timely raise Grounds One and Two in the state courts; nor has he shown that he is entitled to review of his claims under any other recognized exception to the procedural bar.  Therefore, Petitioner is not entitled to federal review of his claims.

## V.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is

---

[14] In determining when a prisoner is deemed to have filed a pleading or motion, Florida courts apply the "mailbox rule," pursuant to which a motion filed by a pro se inmate is deemed filed when it is handed over to the correctional institution for mailing.  *See* <u>Johns v. State</u>, 36 So. 3d 765, 766 (Fla. 1st DCA 2010) (citing <u>Haag v. State</u>, 591 So. 2d 614 (Fla. 1992)).

[15] The state circuit court determined that the mandate issued November 13, 2006, the date it was filed by the clerk in the state circuit court (*see* Ex. K).  However, the mandate actually issued November 9, 2006, the date the clerk of the First DCA issued it.  *See* Fla. R. App. P. 9.340(a).  Additionally, the state circuit court did not apply the "mailbox rule" in determining the date Petitioner's Rule 3.850 motion was filed, resulting in an erroneous determination that the motion was filed January 8, 2009, instead of January 3.  However, these miscalculations do not change the determination that Petitioner's second Rule 3.850 motion was filed outside the two-year deadline.

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Edwin G. Buss is substituted for Walter A. McNeil as Respondent.

And it is respectfully **RECOMMENDED**:

1.      That Petitioner's attempts to amend his habeas petition to add the claims asserted in his Reply (Doc. 25) and his Proposed Second Amended Petition (*see* Doc. 33, attachment) be **DENIED as futile,** since they are time barred.[16]

2.      That Petitioner's First Amended Petition (Doc. 7) be **DENIED**.

3.      That a certificate of appealability be **DENIED**.

4.      That the clerk be directed to close the file.

**DONE AND ORDERED** this 4<u>th</u> day of February 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

        **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[16] The proposed new claims include:  (1) Petitioner received ineffective assistance of counsel based upon counsel's failure to present medical evidence that Officer Thompson did not lose consciousness; (2) <u>Giglio</u> violation and prosecutorial misconduct based upon the prosecutor's knowingly allowing Officer Thompson to falsely testify that he lost consciousness; (3) the trial court lacked subject matter jurisdiction to convict him because the Florida criminal statutes pursuant to which Petitioner was charged and convicted are not valid laws, (4) the Florida criminal statutes pursuant to which Petitioner was charged and convicted were defective because they lacked an enacting clause (*see* Docs. 25, 33).